Good afternoon, Your Honors. May it please the Court, in this case the trial court committed multiple errors. When it dismissed Jarvis Jackson's post-conviction petition. First, the trial court dismissed the petition after it had already allowed post-conviction counsel to withdraw as counsel due to a conflict of interest, and yet failed to appoint new counsel to assist Mr. Jackson in further post-conviction proceedings. Instead, it granted excluded post-conviction counsel's greer motion, and then dismissed Mr. Jackson's petition sui sponte, even though the state failed to file a written motion to dismiss. Not only did this dismissal violate the Post-Conviction Hearing Act, but it also violated Mr. Jackson's procedural due process rights to notice and an opportunity to respond to a motion to dismiss. Well, let me ask you, he had notice of a greer motion, right? He had notice of a greer motion, yes. And what was the basis of the greer motion? That post-conviction counsel had determined that there was no merit to the claims in Mr. Jackson's pro se petition. Once a trial judge finds that there's no merit to a post-conviction claim, what else is he to do but dismiss it? The court cannot dismiss even a non-meritorious petition based on the granting or denying of a greer motion. The greer motion deals with the withdrawal of counsel. Well, I understand that, but the basis for the withdrawal is that the post-conviction claims have no merit. And so, would it seem a little counterintuitive to you to say, gee, I find that your claim has absolutely no merit, but we're going to keep proceeding on it? Well, the court must wait for the state to file a motion to dismiss, according to the act, and according to People v. Greer. This case is very similar to People v. Greer. Well, we have an unusual situation. We have defense counsel basically presenting the state's motion. Is that what they did? Essentially, yes. And this was the same counsel that had just been declared acting under a conflict of interest due to a, quote-unquote, unhealthy relationship between counsel and Mr. Jackson. Well, there was an ARDC complaint filed, right? Correct. And there were several letters. From his own counsel, correct? I'm sorry? That he'd received from his own client. Yes. And the trial court had received multiple correspondence from Mr. Jackson about his dissatisfaction with post-conviction counsel. So at that point, the trial court determined that there was a conflict of interest, and in its Did Jackson say that there was a conflict of interest, or did he say something about an unhealthy relationship? He did not use the term conflict of interest, no. But he said that he relieved counsel of his duties because of the, quote-unquote, unhealthy relationship. And so, therefore, we So what you're saying is, that's fine, which is appropriate for the trial court to do. That was in the court's discretion to do that. But what the court should have done at that point was appointed new conflict-free counsel. Or ensure that Mr. Jackson was knowingly and voluntarily waiving his right to counsel. But up until that point, Mr. Jackson had continuously asked for the appointment of new conflict-free counsel, even on the date that post-conviction counsel was withdrawn from the case. And instead of doing that, the trial court relied on the conflicted-out attorney's assertions in his Greer motion and his 651C certificate. Then vaguely said that at the next court date, Mr. Jackson would either end up with a new attorney, or that I might dismiss your petition or something in between. The court not only violated Mr. Jackson's right to conflict-free counsel at second stage for the remainder of the proceedings, but then on the next court date, entered an order dismissing Mr. Jackson's petition, even though the state never filed a written motion to dismiss. Does the act call for a written motion? The act does not state written, but it says that the state must file a motion to dismiss. And all the case law so far has interpreted that language to mean a written motion. If you look at People v. Greer, they look to whether a written motion was ever actually filed by the state. And in this case, no such motion was filed. And a written motion makes sense for a few reasons. The requirement that a written motion be made makes sense because, A, we want appellate courts to be able to properly review the claims and the reasons for the dismissal, and B, it also comports with procedural due process requirements of notice and an opportunity to be heard. Isn't a Greer motion the functional equivalent of a motion to dismiss? No, it's not. By saying this claim has no merit? It is the functional equivalent of, say, an Anders motion or a Finley motion, because it gives post-condition counsel essentially a way to tell the court, I cannot rely on any of these statements as my obligation to the court requires. However, it's not defense counsel's job to argue against Mr. Jackson's petition. It's the state's job. It's the state's job, according to the act and according to the rules of procedural due process, for the state to say this petition has no merit. And that's what People v. Greer held. Well, and of course not in a written filing, but in court the state did in fact say, argue that, hey, you ought to grant the motion and you ought to dismiss this because we agree with defense counsel that this is a meritless claim. The state's off-the-cuff assertions during this whole discussion about whether Mr. Jackson should be, Mr. Jackson's post-condition counsel should be conflicted out do not constitute, I don't believe they equate to even an oral motion to dismiss. The attorney just said that the Greer motion was well taken and did discuss some of the merits or lack thereof of the claims. But again, we're talking about a scenario where they were in court to discuss the filings made by Mr. Jackson, the Greer motion, and then the court was going to take it from there. Mr. Jackson had no opportunity to properly respond, didn't know the state's specific claims. At the end of the proceeding, still wasn't sure what the court was going to do, whether the court considered the state's assertions to be a motion to dismiss. All he knew was that he wanted new counsel, that his old counsel was conflicted out, and then at the next court date, none of the parties were present, and Mr. Jackson wasn't provided with an opportunity to respond. He was provided an opportunity to respond to the Greer motion, was he not? He was given notice of that. I'm not sure if the record reflects what date he knew of the Greer motion, but post-conviction counsel on the record stated, I sent the defendant a copy of the Greer motion. And in response, the defendant said, that's a lie, I never received it. But even if he had received notice that a Greer motion had been filed and a 651C certificate had been filed, all he knows at that point is that his attorney wants to withdraw. And his attorney has no power to ask the court to dismiss the petition. Those are two separate questions. So what is the basis of the Greer motion? What do you mean, all he knows is my attorney wants to withdraw. So there's nothing else in there that says, my attorney also thinks I don't have that case. No, it also stated that. But again, we're discussing assertions made by post-conviction counsel who the court found within his discretion was laboring within an unhealthy relationship. So we can't take post-conviction counsel's assertions in his 651C certificate or in his Greer motion like we could a conflict-free attorney. How do we know that his conflict didn't affect his ability to properly assess the claims? Let me ask you this. In a standard Greer motion, can the court grant the motion to let counsel withdraw without finding that the defendant's claims or petitioner's claims had no merit? I believe that, I guess the answer would be, I don't think a trial court would grant the Greer motion. Well, isn't that the basis of the standard Greer motion? Hey, I've looked at this record, I've talked to the guy, I've looked through all this, and sorry, but there's nothing here. Typically, that would eventually lead to a motion to dismiss being granted by the state, but in this case, and in People v. Greer, no motion was ever filed. And so at that point, the court is without the power, the legal power, to sua sponte dismiss. We're beyond the 90-day period. Wouldn't the court have kind of bluttered us, basically, at that point, and made something from... The ball's in the state's court. The ball's in the state's court. And that's what happened in Greer. In Greer, the Greer motion was granted, and then the PC was dismissed without a state's motion to dismiss, and beyond the 90-day period, just like we have here, and the appellate court remanded, even though they said that the granting of the Greer motion was proper, it was still improper for the trial court to dismiss the petition, so it went back down. And the Illinois Supreme Court affirmed that ruling. And that makes sense, again, because we're talking about... You know, in a world of people that never went to law school, do you think it would make any sense for a trial judge to say, I have found that your claim has no merit whatsoever, and therefore, I'm allowing your counsel to withdraw. But I'm going to let you proceed pro se, or get you another lawyer. Does that make any sense to you? Well, in a typical Greer situation, the Illinois Supreme Court stated that trial counsel does not... I'm sorry, the trial court does not need to provide new counsel once the Greer motion is filed. But again, the ball is still in the state's court to file the motion to dismiss. You're not answering my question. My question is, does it make any sense at all to say that I have found that this claim has no merit, I'm letting your lawyer withdraw, but you carry on, young man, and do the best you can. After I've already found that your claim has no merit, we're going to proceed. Well, yes, I think so, because, again, a defense attorney's job is not to argue against the defendant. But they're walking a fine line, right? They can't... When does the statute require the state to file a motion? Yes, within 30 days. File a motion or a response. And again, that makes sense because of the notice requirements and the opportunity to respond. That's in the second stage of the post-conviction act. Right. And let's not forget how we reached the second stage in this case. The trial court found cause and prejudice. This was a successive petition. So we're not even in a situation like a Greer situation where it was a 90-day rule violation that brought them to second stage. That would make more sense, to allow the court to dismiss based on frivolousness at that point. But in this case, the court already found that there was enough merit to allow for the successive petition to be filed. Let me ask you a question. We ran this case. What do you think is going to happen? New post-conviction counsel should be appointed. New post-conviction counsel, acting conflict-free, would investigate the claims, would be able to file Mr. Jackson's pro se amended petition that the trial court never considered in this case because conflicted out post-conviction counsel never filed on Mr. Jackson's behalf. You keep saying conflicted out. But like it's true. But the trial court never found that. Well, the trial court found an unhealthy relationship. And I would contend that that equates to a conflict situation. And again, we're talking an abuse of discretion standard that's rather high. In order for this court to reverse that finding, they would have to find the trial court's finding fanciful or arbitrary or that no one would agree with it. And so the trial court's finding that there was an unhealthy relationship and that post-conviction counsel should be relieved of his duties shouldn't be reversed by this court. Thank you. And the violation, I'm sorry, this situation is a lot, like I said, a lot like Greer, actually worse than Greer because in Greer we're not talking about a defendant who's laboring without counsel at all. For a portion of the second stage proceeding, Mr. Jackson has no counsel. It's different than Greer where the motion to withdraw is considered simultaneously. What's the portion of the second stage hearing that's gone on after this? Well, during the... You mean the ruling on the dismissal? Correct. So the discussion about post-conviction counsel being allowed to withdraw was held on May 31, 2013. And then the PC was dismissed without any of the parties being present on June 3. And again, that violates Mr. Jackson's right to notice and an opportunity to be heard. Just like people versus bounds and people versus kitchen, those cases dealt with situations where cases were continued either for a status date or a discussion about a discovery dispute and there, just like in this case, the trial court then dismisses the petition. And I would say that this case is just like that, maybe even worse, because on the 31st the trial court didn't give anybody any indication what it was going to do at all, whether it was going to appoint new counsel. Mr. Jackson at that point didn't know if he was going to get new counsel, didn't know if there would be a new hearing, didn't know if his petition that he had sent to first post-conviction counsel, the amended petition, would have been filed on his behalf by somebody else. Then all of a sudden on June 3, without anybody being present, his petition is dismissed without the state's motion.  So I think it's important to remember that the protections of a defendant's procedural due process rights during post-conviction proceedings are of critical importance. And we contest that he did not receive the procedural due process rights. He's afforded either under the Act or under any of the case law applying to this case. Thank you. Thank you. Mr. Rivio and Mr. Hanson. Good afternoon, Your Honor. May it please the court, counsel. Your Honors, I'll be brief. I would state to you that as argued in my brief, the people here adopted an indeed file, in essence had the motion to dismiss by adopting defense counsel's motion to dismiss. He said it was exceptionally well taken. He asked the judge to rule on it. He concurred. He joined in that motion. Stipulation? Stipulation to the defendant's motion. That's our argument, yes. Unlike Greer, there was no motion at all there. Greer is obviously correct. But here there was, as we state at some length in our brief, counsel saying the motion is exceptionally well taken, please rule on it. He concurred in it. He could have taken a pen and paper and said, I hereby move to dismiss for the same reasons defense counsel said. Wouldn't that have been wiser? It might have been wiser, but if there ever was committedness, this is it. You would be back in your office now reading other briefs. In retrospect, it would have been wiser, but was it reversible error? Certainly not. And keep in mind, your point is well taken. Nobody attacks on appeal post-conviction counsel's conclusion that this was a meritless matter. Other than that, your honors, we'll stand on our brief. Thank you, Mr. Hanson. Ms. Rubio? Just two points. First of all, this case does differ than Greer because a motion to dismiss technically was filed as argued in post-conviction counsel's Greer motion. But again, we're stating that post-conviction counsel has no authority to file a motion to dismiss. And so the state's reason for that motion to dismiss is essentially a nullity, especially because it was the same post-conviction counsel that had been removed from the case. And so it was improper for the court to rely on his assertions in the Greer motion. Two reasons, you're saying. One, it's a nullity because we don't have counsel for the defendant. Correct. Who's presented this motion to the court. Correct. And it's a nullity for the second reason because there's no authority, permissive authority, statutory authority, whatever, for this, at this point, purported counsel to move, or even if it was not a purported counsel but an actual counsel, to move to dismiss the pro se amended petition. Correct. And I would add a third reason, that the Act requires a written motion to dismiss filed by the state. That it's their job, it's their responsibility. Well, that's part of step number two. That may be two-way. So that was the first point I wanted to make. And then as to the merits of the claim, this court shouldn't consider the substance of merits of the claim, and for good reason, because again, this is a procedural deficiency. This is a violation of Mr. Jackson's procedural due process rights. And we can't rely on the assertions presented. So we should not be concerned with the substance. We're actually here on form. Right, because again, we don't know what could have happened if Mr. Jackson had been given proper post-conviction counsel to assist him further in either amending his petition or in investigating other claims. The assertions that the petition is without merit can't be taken, because again, post-conviction counsel had been removed from the case due to this unhealthy relationship. And just one final point. The fact that the again, with the merit point, I mentioned earlier that the cause and prejudice test had been met. And in fact, the question of whether your motion can be granted or filed at all in a situation where the case has reached second stage based on the merits of the petition, which I would say apply in this case, rather than the 90 day rule violation is currently pending in front of the Illinois Supreme Court. Because it again, makes no sense that a... Which case is that? That's People v. Cooner. And you've cited that in your brief? I did not. But that was recently argued in that case, that was a greer motion filed after the case had reached second stage based on the merits of the petition. It's not exactly our issue, right? Correct. But it could be analogous. What language in the Act requires a written motion by the state? It doesn't explicitly state written, but it states that it must be filed. Where does it say that? Um... Section 122-5 Within 30 days of advancement, the state shall answer or move to dismiss. It didn't say file, it said move to dismiss. Then I guess the language comes from People v. Greer. And then again in People v. Starks where they look to whether a motion to dismiss has been used to term file. If there are no further questions, Mr. Jackson asks that this case be remanded for further second stage proceedings. Thank you. Thank you both for your argument today. Thank you for the written disposition. And we're going now to a recess until tomorrow morning. See you all then.